UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZONE CAFÉ, LLC, a Nevada limited liability company, | |
| Plaintiff, | 3:06-CV-00532-LRH-RAM |
| v. | ORDER |
| ZONE LABS, INC., a Delaware corporation, and BARRY SEARS, | |
| Defendants. | |

Presently before the court is a Motion to Dismiss (# 20/21[1]) filed by Zone Labs, Inc. and Dr. Barry Sears (collectively, "Defendants"). Plaintiff, Zone Café, LLC, has filed an opposition (# 32), and Defendants replied (# 37).

**I. Factual Background**

This case centers around an ill-fated business venture and consequent disputes among board members and owners of Zone Café. Zone Café was formed as a Nevada LLC in July of 2003. The ownership of Zone Café's Class A voting stock remains as follows: Zone Labs - 50%, Dr. Graham Simpson - 25% , Dr. Stephen T. Sinatra - 25%. (Compl. (# 1) Exh. 1 at 31. ) The original board of directors consisted of Barry Sears ("Sears"), George Jochum, Graham Simpson, and Stephen

---

[1] Refers to the court's docket number.

Sinatra. (Compl. (# 1) ¶ 11.) Zone Café established just one restaurant in Reno, and it has since ceased operating. (Aff. of Barry Sears (# 22) ¶ 26.)

Zone Labs, Inc. is a Delaware corporation with its principle place of business in Danvers, Massachusetts. Sears is a resident of Massachusetts. (Compl. (# 1) ¶ 6; Mot. to Dismiss (# 20) at 1.)

Plaintiff asserts that on October 6, 2006, Zone Café's Board of Managers held a special meeting where it purportedly voted to sue Zone Labs and Sears for numerous alleged improprieties, manipulations, and breaches of duty. Sears did not attend the meeting. (Resp. in Opp. to Mot. to Dismiss (#32) at 7.) Zone Café filed this action just three days later on October 9, 2006, alleging (1) Breach of Operating Agreement, (2) Fraud in relation to the negotiations that led to the initial License Agreement, (3) Negligent Misrepresentation in relation to the negotiations that led to the initial License Agreement, (4) Breach of Fiduciary Duty, (5) Tortious Interference with Contractual Relations, and (6) Tortious Interference with Prospective Business Relationships. (Compl. (#1) ¶ 17-43.)

Defendants assert that Sears did not receive notice of a meeting of the Board of Managers on October 6, 2006, and moves to dismiss under Rule 12(b)(1) for lack of capacity to sue. (Mem. and P. & A. in Supp. of Mot. to Dismiss (#21) at 7; Aff. of Barry Sears (# 22) ¶ 22.) Plaintiff asserts that Sears did receive notice and refers the court to a memorandum from Stephen Sinatra dated September 28, 2006. (Resp. in Opp. to Mot. to Dismiss (#32) at 7; Resp. in Opp. to Mot. to Dismiss (#32), Sept. 28, 2006, Mem. Ex. C to Ex. 1.) The memorandum is entitled, "Notice of Special Meeting of Zone Café, L.L.C. Members." (Resp. in Opp. to Mot. to Dismiss (#32), Sept. 28, 2006, Mem. Ex. C to Ex. 1.) The memorandum gives notice of the special meeting of members, "called by Stephen T. Sinatra, as a Class A Unit Member" that is being called to "discuss the proposed redemption agreement by which the membership units of Zone Labs, Inc. would be redeemed by Zone Café and the resulting impact of the proposed transaction on Zone Café."

(Resp. in Opp. to Mot. to Dismiss (#32), Sept. 28, 2006, Mem., Ex. C to Ex. 1.)

Sears responded in a letter dated October 2, 2006. (Resp. in Opp. to Mot. to Dismiss (#32), Oct. 2, 2006, Doc., Ex. E to Ex. 1.) In that letter, Sears reiterates the meeting's purpose as stated in Sinatra's notice dated September 28, 2006. *Id.* Sears then states, "Mr. Sinatra has requested that Zone Labs, Inc. waive, in writing, its right to attend, participate in and vote at the Meeting." *Id.* Sears, acting on behalf of Zone Labs (a member by its 50% ownership of Zone Café), then waived Zone Labs' right as a member to attend and participate in the members meeting "provided, however, that the information presented and the matters submitted for a vote of the members at the meeting shall be limited to those items necessary for a full and complete discussion of the proposal and none other." *Id.* The Plaintiff provided the Defendant and the court with a document dated October 6, 2006, entitled "Action by Special Meeting of the Board of Managers" which asserts that the Board met on that date and resolved to take legal action against Zone Labs and Barry Sears. (Resp. in Opp. to Mot. to Dismiss (#32) at 7; Resp. in Opp. to Mot. to Dismiss (#32), Oct. 6, 2006, Doc., Ex. D to Ex. 1.)

On October 23, 2006, the Board held a special meeting, at which time Plaintiff asserts the Board ratified the purported action taken by the Zone Café Board on October 6, 2006, and in filing this action on October 9, 2006. (Resp. in Opp. to Mot. to Dismiss (#32) at 7; Resp. in Opp. to Mot. to Dismiss (#32), Oct.23, 2006, Doc., Ex. G to Ex. 1.) The Defendants argue that Sears was not provided notice of this second special meeting either. (Mem. of P. & A. in Supp. of Mot. to Dismiss (#21) at 7.) Plaintiff asserts that Sears did receive notice. (Resp. in Opp. to Mot. to Dismiss (#32) at 8.) To support this assertion, Plaintiff refers to an email sent Friday, October 20, 2006, that purports to give notice to the Board of the special meeting to be held just three days later on Monday, October 23, 2006. (Resp. in Opp. to Mot. to Dismiss (#32), Oct. 20, 2006, Mem., Ex. F to Ex. 1.) Defendants argue that this notice was inadequate. (Mem. of P. & A. in Supp. of Mot. to Dismiss (#21) at 12.)

**II. Defendants' Motion to Dismiss**

The Defendants filed a Motion to Dismiss under Rule 12(b)(1). However, the Defendants have provided no authority that stands for the premise that dismissal under 12(b)(1) is an appropriate remedy in the present case or that Zone Café lacks standing to sue. Rather, it appears that the court has subject matter jurisdiction over this matter and that Zone Café has standing to sue. Thus, the court will construe that motion as one brought pursuant to Rule 12(b)(6).

Defendants raise an important preliminary issue of whether the present action was commenced on behalf of Zone Café in accord with Nevada law and Zone Café's Operating Agreement, or whether the lawsuit is illegal because it was not properly commenced on behalf of Zone Café by its Board of Managers.

The parties have presented matters outside the pleadings. When "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6).

Pursuant to Rule 12(b)(6), the court may convert the present motion to one for summary judgment. Therefore, this order will serve as notice to the parties of the court's intention and to give the parties an opportunity to supplement the record. *San Pedro Hotel Col, Inc. v. City of Los Angeles*, 159 F.3d 470 (9th Cir. 1998). Specifically, the court is considering (1) whether Zone Café was authorized to bring the present lawsuit, and, if not, (2) whether Zone Café was authorized to subsequently ratify the present lawsuit. The resolution of these issues may render the remainder of the motion moot. Hence, the court is inclined to resolve them without unnecessary delay.

\ \ \

\ \ \

\ \ \

4

1  IT IS THEREFORE ORDERED that the parties shall have fifteen (15) days from the date of
2 this order to supplement the record and may submit points and authorities addressing the
3 aforementioned issues.  Each party shall have seven (7) days thereafter in which to reply to the
4 adverse party's filing.  The motion will then stand submitted.
5  IT IS SO ORDERED.
6  DATED this 9th day of July, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE